## WASHINGTON ADAMS *versus* GEORGE NICHOLS.

If a person contract to build a house for another, and on his land, and the house, be-
fore its completion, be destroyed by fire, he is not entitled to any compensation for
the labor and materials bestowed and furnished in pursuance of the contract.

ASSUMPSIT. The defendant filed in set-off an account for
labor and materials bestowed and used by him in building a
house for the plaintiff, in pursuance of a special contract in
writing, not fully performed. The only question was, whether
the account in set-off could be sustained by the evidence of-
fered, the facts being the same as in the preceding case of
*Adams* v. *Nichols et al.*

*Shaw* C. J. ruled that the evidence was not competent to
support the account.

A verdict was taken for the plaintiff, subject to the opinion
of the whole Court upon this ruling.

*Byington* and *Porter*, for the defendant, cited *Hayward* v.   *Sept.* 19th
*Leonard*, 7 Pick. 181 ; *Smith* v. *First Congr. Meetinghouse
in Lowell*, 8 Pick. 178 ; *Brewer* v. *Tyringham*, 12 Pick.
547 ; *Van Deusen* v. *Blum*, 18 Pick. 229.

*Bishop* and *Sumner*, for the plaintiff.

MORTON J. delivered the opinion of the Court. No objec-   *Sept.* 22d.
tion is made to the plaintiff's demand, and the only question in
the case arises upon the defendant's claim of set-off. The
account filed consists of charges for labor and materials in
building for the plaintiff the house, which was destroyed by
fire, as stated in the last case.

So far as the account consists of charges for work and ma-
terials not within the contract, the defendant's right to allow-
ance is undoubted. The labor and materials were furnished at
the plaintiff's request ; and he must be holden to pay for them.

But in relation to what was done in pursuance of the con-
tract, it was ruled at the trial, that the defendant was not en-
titled to any allowance. And the soundness of this decision is
the point which we are to consider.

It has been seen in the last case, that the special contract
was not waived or rescinded, and that the defendant had no
legal excuse for not performing it. Having voluntarily refused

to perform his contract, can he recover for the work and materials which he had furnished ?

In several recent cases, it has been held, that where work has been done upon the land of another, under a special contract, though not in every respect in conformity to it, and there was an honest intention substantially to conform to the contract ; or where there was an acquiescence in the deviations or in the proceeding in the work, by the owner, *quantum meruit* or *quantum valebant* will lie for the work and materials. Such were the principles adopted in *Hayward* v. *Leonard*, 7 Pick. 183 ; *Smith* v. *First Congr. Meetinghouse in Lowell*, 8 Pick. 178 ; *Brewer* v. *Tyringham*, 12 Pick. 547. The latter case is supposed to have gone something further than the others, but is believed to rest upon the same principles. It may be, that an unimportant deviation from the contract, as by substituting one kind of material for another supposed to be of equal or greater value, will not deprive the party of his right to recover, unless the alteration be expressly objected to, or the whole be rejected. But nothing can be more clear than that the con·tractor may not erect one kind of building instead of another, as a barn for a house, or leave the contract half executed, as by raising a building and leaving it uncovered or otherwise entirely unfinished, and then compel the owner of the land to pay for a building he may not need, or for materials in a state he may not want. If the defendant had left the plaintiff's house in the situation it was in when burnt, it would not be consonant with the principles either of law or justice, to allow him to recover for what he had done ; and yet in such case the plaintiff might derive some benefit from the services of the defendant. But, in the present case, he has received no benefit. By the true construction of the agreement between the parties, the materials and building were to be at the risk of the defend-ant, for which he must be supposed to have received an adequate consideration. And, surely, the ruins remaining upon the plaintiff's land can be of no such use to him as to entitle the defendant to recover.

If the defendant suffers from this unfortunate casualty, it is imputable to his own indiscretion in making an improvident contract ; and the Court have no power to relieve him.

*Judgment on the verdict.*